Filed 10/14/22 P. v. Jennings CA4/2
*See dissenting opinion*

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E079203 |
| v. | (Super.Ct.No. RIF1104767) |
| ALEX JENNINGS III, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County. John D. Molloy, Judge. Affirmed.

James R. Bostwick, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant, Alex Jennings III, filed a petition for resentencing pursuant to former Penal Code section 1170.95,[1] which the court denied. After defense counsel filed a notice of appeal, this court appointed counsel to represent defendant.

Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case and two potentially arguable issues: (1) whether the trial court erred in relying on the factual representations of counsel below, which, in turn, were based upon this court's opinion in the appeal from the judgment; and (2) whether such reliance was prejudicial. We offered defendant an opportunity to file a personal supplemental brief, which he has not done. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND[2]

Defendant, a gang member, and the victim had previously been involved in an altercation during which defendant had pulled a knife on the victim. Four years later, the victim saw defendant while attending a party at a friend's house. Defendant was angry with the victim because defendant had been arrested due to the prior altercation.

---

[1] Effective June 30, 2022, Assembly Bill No. 200 (2021-2022 Reg. Sess.) amended and renumbered Penal Code section 1170.95 as section 1172.6. (Stats. 2022, ch. 58, § 10.) All further statutory references are to the Penal Code unless otherwise indicated.

[2] On the court's own motion, we take judicial notice of our prior unpublished opinion in defendant's appeal from the original judgment. (*People v. Jennings* (Dec. 10, 2013, E056095) [nonpub. opn.] (*Jennings*); Evid. Code, §§ 452, subd. (d), 459; Cal. Rules of Court, rule 8.1115(b)(1).)

2

Defendant and the victim exchanged words and defendant stabbed the victim with a knife. (*Jennings*, *supra*, E056095.)

A jury found defendant guilty of attempted willful, premeditated, and deliberate first degree murder (§§ 664, 187, subd. (a), count 1); assault with a deadly weapon (§ 245, subd. (a)(1), count 2); and active participation in a criminal street gang (§ 186.22, subd. (a), count 3.). The jury additionally found true allegations that defendant committed the counts 1 and 2 offenses for the benefit of or at the direction of a criminal street gang (§ 186.22, subd. (b)); that he personally used a deadly or dangerous weapon (§ 12022, subd. (b)(1)); and that he personally caused great bodily injury (§ 12022.7, subd. (a)).

Defendant thereafter admitted that he had suffered a prior strike conviction. (§§ 667, subds. (c), (e)(1), 1170.12, subd. (c)(1).) The court sentenced defendant to state prison for a total of 34 years to life. (*Jennings*, *supra*, E056095.)

Defendant appealed. This court reversed defendant's conviction for the count 3 offense and reduced the amount of the restitution fine the court imposed, but otherwise affirmed the judgment. (*Jennings*, *supra*, E056095.)

On January 31, 2022, defendant filed a form petition for resentencing pursuant to former section 1170.95. At a hearing on June 10, 2022, the People requested the court deny the petition: "No instructions on natural and probable consequences were given. The defendant killed [*sic*] the victim. According to the appellate opinion, 'Defendant and [the victim] exchanged words, and defendant stabbed [him] with a knife.'" Defense counsel observed that defendant "was the actual stabber." The court asked defense

3

counsel if he took issue with anything the People "said in terms of the instructions that were given?" Defense counsel responded, "I do not." The court denied the petition.

## II. DISCUSSION

We recognize that one panel of this court has held that in uncontested appeals from postjudgment orders, there is no reason to conduct a *Wende* review of the record, and such appeals should be dismissed by order. (*People v. Scott* (2020) 58 Cal.App.5th 1127, 1131-1132, review granted Mar. 17, 2021, S266853 (but see dis. opn. of Miller, J.); accord *People v. Cole* (2020) 52 Cal.App.5th 1023, 1028, review granted Oct. 14, 2020, S264278 ["*Wende*'s constitutional underpinnings do not apply to appeals from the denial of postconviction relief."]; accord *People v. Figueras* (2021) 61 Cal.App.5th 108, review granted May 12, 2021, S267870.) We respectfully disagree.

We agree with another panel of this court, which has held that in uncontested appeals from the denial of a section 1170.95 petition, "we can and should independently review the record on appeal in the interests of justice." (*People v. Gallo* (2020) 57 Cal.App.5th 594, 599 (but see dis. opn. of Menetrez, J.); accord *People v. Flores* (2020) 54 Cal.App.5th 266, 269 ["[W]hen an appointed counsel files a *Wende* brief in an appeal from a summary denial of a section 1170.95 petition, a Court of Appeal is not required to independently review the entire record, but the court can and should do so in the interests of justice."]; see *People v. Allison* (2020) 55 Cal.App.5th 449, 456 ["[W]e have the discretion to review the record in the interests of justice."], disapproved of by *People v. Strong* (2022) 13 Cal.5th 698, on other grounds.) This procedure provides

4

defendants an added layer of due process while consuming comparatively little in judicial resources.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues.

### III.  DISPOSITION

The order denying defendant's petition is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


McKINSTER _____
                                                      J.

I concur:


RAMIREZ _____
               P. J.

[*People v. Jennings*, E079203]

RAPHAEL, J., Dissenting.

This is defendant and appellant Alex Jennings' second appeal from a postjudgment motion where he raises no issues. We are nevertheless issuing an opinion stating that we have reviewed the whole record and found no potential error. As with the first uncontested appeal, I would dismiss this appeal as abandoned in a brief unpublished order. (See *People v. Jennings* (Apr. 29, 2022, E078227) [nonpub. opn.].)

Jennings was convicted of attempted murder after he stabbed a victim. We affirmed Jennings's attempted murder conviction in 2013. (*People v. Jennings* (Dec. 10, 2013, E056095) [nonpub. opn.].) This appeal comes from the denial of Jennings's petition for resentencing under Penal Code section 1172.6, which applies to some defendants convicted on an imputed-malice murder theory, not to those who themselves kill or attempt to kill.

Neither Jennings nor his lawyer raised any arguments. There is no need to review the entire record and no need to generate a substance-free opinion. We should instead dismiss the appeal as abandoned. (See *People v. Serrano* (2012) 211 Cal.App.4th 496, 504; *People v. Scott* (2020) 58 Cal.App.5th 1127, 1130-1131, review granted Mar 17, 2021, S266853.) "Nothing is served by requiring a written opinion when the court does not actually decide any contested issues." (*Conservatorship of Ben C*. (2007) 40 Cal.4th 529, 544.)

RAPHAEL

J.

1